# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY HART,<br><br>                       Plaintiff,<br><br>v.<br><br>BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., et al.,<br><br>                       Defendants. | Case No.: 19-CV-2296 W (MDD)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY [DOC. 3]** |

    Pending before the Court is a motion to stay this case pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on whether to transfer this case and other Zantac lawsuits to a multidistrict litigation ("MDL"). Plaintiff opposes.

    The Court decides the matters on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **GRANTS** Defendants' motion.

1

## I. **BACKGROUND**

This action was filed on December 2, 2019, alleging Plaintiff Gary Hart developed colon cancer as a result of taking Zantac—an antacid medication—for approximately eight years. (*Compl.* [Doc. 1] ¶ 5.) Plaintiff asserts claims against Defendants for strict liability design defect, strict liability failure to warn, negligence, and breach of express and implied warranties.

On December 17, 2019, Defendants moved for a stay pending a decision by the JPML whether to transfer all Zantac-related proceedings to a single jurisdiction for consolidated pretrial proceedings. (*Defs' Mot.* [Doc. 3].) Oral arguments on the motion to transfer were scheduled to be heard by the JPML on January 30, 2020. [Doc. 3-1.]

## II. **LEGAL STANDARD**

Courts balance three factors in determining whether a stay pending transfer to an MDL is proper: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." San Diego Unified Port Dist. v. Monsanto Co., No. 15-cv-00578-WQH-JLB, 2016 WL 4496826, at *1 (S.D. Cal. Feb. 1, 2016) (citation omitted)

## III. **DISCUSSION**

After considering the parties' arguments, the Court determines a brief stay in this case is appropriate. First, any prejudice Plaintiff will suffer is *de minimus* given that the JPML hearing has already occurred, Plaintiff does not oppose consolidation, and a transfer order is expected shortly. Although Plaintiff's declining health is a concern, preliminary actions before this Court are not likely to impact how quickly the MDL court ultimately handles this case.

Second, the hardship Defendants will suffer absent a stay is significant. Most importantly, Defendants face the burden of defending themselves in numerous fora and needlessly re-litigating issues before the ultimate MDL court.

Finally, judicial resources will be saved if a stay is implemented. Because the issues in this case will necessarily be before the MDL court should transfer be granted, a stay will promote judicial efficiency, avoid duplicative litigation, and avoid the risk of inconsistent results. Significantly, courts have now entered stays in more than 25 Zantac cases. (*Defs' Mot.* at 4–5.)

IV. **CONCLUSION**

Based on the foregoing, the Court **GRANTS** Defendants' motion to stay this case pending a final determination from the JPML. [Doc. 3.] The parties are **ORDERED** to file a joint status report apprising the Court of the JPML's decision.

**IT IS SO ORDERED.**

Dated: February 6, 2020

Hon. Thomas J. Whelan
United States District Judge